## Edwards *v.* O'Brien.

NEW TRIAL.—A new trial will not be granted on the ground that the verdict is not sustained by sufficient evidence, unless it appears that the verdict was clearly and decidedly against the weight of evidence.

IDEM.—A motion for a new trial is addressed to the discretion of the court that tried the case, and the action of the court cannot be assigned for error. But this rule is understood to be subject to the qualification, that if it is clear from the record that the verdict is contrary to law, or there is no evidence to sustain it, it is the duty of the court to set it aside.

ERROR to the District Court of Laramie County.

The facts are stated in the opinion.

*E. W. Mann*, for plaintiff in error.

The court erred in overruling the motion of the defendant for a new trial. The verdict being clearly against the weight of evidence it was the duty of the judge to grant a new trial. 3 Graham and Waterman on New Trials, pages 1207–8; Hilliard on New Trials, page 336, sec. 1, and page 358, sec. 44.

It is evident that the jury either misunderstood the evidence, or else rendered a verdict wilfully in opposition to the facts appearing from it and the instructions of the court, and in either case the judgment of the district court should be reversed. 3 Graham and Waterman on New Trials, page 1330; Hilliard on New Trials, page 353, sec. 36.

*C. N. Potter*, for defendant in error.

While the defendant in error insists that the verdict is warranted by the evidence, and is fully sustained thereby, yet it is a well settled proposition and has been frequently followed by this court, that the court will not set aside a verdict and grant a new trial upon the *sole* ground that the verdict is not sustained by sufficient evidence unless it is manifested that the jury acted in a total disregard of the evidence, or acted against the great weight of the evidence to such an extent as to show that the verdict was the result of improper motives. *Wyoming National Bank* v. *Dayton*, 1 Wyoming, 336; *Hilliard Flume and Lumber Co.* v. *Woods*, 1 Wyoming; 2 Nash Pl. and Pr., 1043, 1044.

A verdict will not be set aside on the ground of excessive damages, unless they are so flagrantly outrageous as to show that the jury acted corruptly, or under the influence of passion, partiality or prejudice. 2 Nash Pl. and Pr., 1043.

PARKS, J. This case is fairly stated by the attorneys, substantially as follows:

This action was originally commenced in the probate court of Laramie county, by the defendant in error, by his filing a claim against the estate of Lucy A. Edwards, deceased. The allowance of the account was resisted by the plaintiff in error, administrator of the estate, and after a trial in the probate court the entire claim was disallowed by said court. The defendant in error then prosecuted an appeal to the district court of Laramie county, when a trial by jury was had and a verdict rendered in his favor. The plaintiff in the court below claimed that in the life-time of Lucy A. Edwards he was interested with her in certain ranch improvements situated near Cheyenne, and made certain expenditures for her benefit, which constituted the greater portion of his claim against her estate: the dealings being made principally with Charles H. Edwards, who the plaintiff claimed was acting as the agent of Lucy A. Edwards. The defendant in the court below denied that his intestate was in any way indebted to the plaintiff (O'Brien), and claimed that in his dealings with O'Brien he was acting on his own behalf, and not as the agent of his wife.

No exception was taken to any ruling or instruction of the court at the trial. The only exception taken was to the overruling of the motion for a new trial, so that no question of law is brought to this court for consideration. The only matter here in controversy is one of fact, namely: whether the verdict of the jury is or is not sustained by sufficient evidence. And even as to the evidence there is but one point, as this case is presented to us, upon which a plausible objection can be made to the verdict of the jury: and that is, whether in contracting the debt in question Charles H. Edwards acted as the agent of Lucy A. Edwards, deceased. Upon this point we find in the transcript of the record testimony as follows:

O'Brien testifies that Mrs. Edwards owned all the property on the ranch, stock and improvements connected with

it, Mr. Edwards was acting with her, and in the improvements Mr. Edwards acted for her. (See page 7 of the transcript of the record.)

And that all the property belonged to her, and he was doing business for her. He says: "What accounts I had with himself personally were outside of the ones I kept against her. Her business was superintended by him." (See page 8.)

On page 17 he testifies that Edwards told him that everything was put in his wife's name before they moved to the ranch, on account of a judgment against him, and this was before the bill sued on was made.

The inventory, the appraisement bill, the testimony of the defendant himself on the 20th page, the testimony about the brand, all tend to prove the claim of plaintiff.

It is said in Hilliard on New Trials to be the prevailing rule, that a verdict will not be set aside unless clearly, palpably, decidedly and stoutly against the evidence; that the verdict must be so much against the weight of evidence as on the first blush to shock the sense of justice; or unless there has been a flagrant abuse of discretion, that courts will never in the absence of the most satisfactory evidence that the verdict is erroneous, substitute their impressions for the opinion of the jury. And this statement of the law is supported by reference to a long list of decisions. This is said to be more especially true of a court of error or an appellate court, for the reason that the revising court can have but an imperfect view of the nature of the testimony taken below. Where the sole ground of objection is that the verdict is contrary to evidence, it is held that the jury are the exclusive judges of the weight of the evidence. The following language is taken from one of the oldest decisions made in this country upon the subject of new trials: "A new trial will not be granted unless a verdict is very clearly and decidedly against the weight of evidence, the courts not interfering with the appropriate function of the jury as a tribunal for the decision of questions of fact

except in extreme cases. Setting aside verdicts as against the weight of evidence, is not the daily bread but the extreme medicine of the law, and like other powerful remedies should be very sparingly administered." *Bartholomew* v. *Clark*, 1 Conn., 482.

And this doctrine has been adhered to in that state for almost a century, and substantially has been held to be the law by nearly all the appellate courts of this country, including the supreme court of this Territory. The power of an appellate court to reverse the decision of the judge who tried the case refusing to set aside the verdict of a jury has long been settled : but it is also settled that it should only be exercised in extreme cases. The question before this court is not whether the verdict of the jury in favor of the plaintiff, or the refusal of the court below to set aside that verdict is right, but whether the case is so extreme that it is the duty of this court to reverse the action of both the court and jury. It is probable that this court would not have found as the jury did, but that is not the question here. The general theory upon which a new trial is applied for and insisted upon even in appellate courts, appears to be that the party has a right to it if the verdict seems to be against the preponderance of evidence. But the law is so well settled to the contrary that it is unnecessary to multiply authorities. No exception having been taken in this case except the refusal of the court below to grant a new trial, it is even doubtful whether there is anything before this court for review.

The supreme court of the United States in a recent case say, that they have uniformly held that as a motion for a new trial is addressed to the discretion of the court that tried the cause, the action of the court in granting or refusing to grant such motion cannot be assigned for error. (See *Railway Company* v. *Heck*, 12 Otto, 120.

This rule is understood to be subject to the qualification that if it is clear from the record that the verdict is contrary to law, or there is no evidence to sustain it, it is the duty of

the court to set it aside.   (See *McNamara* v. *O'Brien,* decided at the last term of this court and to be reported in 2 Wyoming.)

This case not coming within these exceptions the action of the district court in refusing to grant a new trial must be affirmed.

Judgment affirmed.